IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Rory Connolly, | Case No. 4:21cv00050 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Warden Mark Williams, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter is before the Court upon the Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 of *pro se* Petitioner Rory Connolly ("Petitioner" or "Connolly") (ECF No. 1.) For the following reasons, Connolly's Petition is dismissed without prejudice.

## I. Background

Connolly is a federal inmate incarcerated at FCI Elkton ("Elkton"). On January 8, 2021, Connolly filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. *See* ECF No. 1. He contends in his Petition that the conditions under which he is incarcerated at Elkton violate his rights under the Eighth Amendment. *Id.* at PageID ## 10-15. Specifically, Connolly alleges that Elkton's medical staff have refused to properly treat him for head trauma, including providing the proper medical scan, and this failure to treat him demonstrates deliberate indifference to his medical care. *Id*. Connolly also asserts that he is "concern[ed]" about Elkton's handling of the COVID-19 outbreak in the prison, stating "if he cannot receive proper medical care for injuries caused by medical staff, how can he reasonably expect to have [the] same staff members protect him from a deadly virus that has been ravaging the prison…" *Id.* at PageID # 16.

Connolly seeks his immediate release from prison.

## II. Standard of Review

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## III. Law and Analysis

### A. Conditions of Confinement

Section 2241 grants federal courts the power to issue writs of *habeas corpus* to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate for claims challenging the execution or manner in which a prisoner's sentence is served. *Wilson v. Williams*, 455 F. Supp.3d 467, 475 (N.D. Ohio 2020) (Gwin, J.), vacated on other grounds, 961 F.3d 829 (6th Cir. 2020); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991))(stating that federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility).

Prisoners challenging the conditions of their confinement, however, must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Grief v. Williams*, No. 4:19-CV-2450, 2019 U.S. Dist. LEXIS 194753, 2019 WL 5864783, at *2 (N.D. Ohio Nov. 8, 2019) (citations omitted)(stating that a federal prisoner who desires to challenge the conditions of his confinement must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action.

Here, Connolly is not challenging the fact or duration of his confinement. Rather, he is challenging the conditions in the prison that relate to his medical care, specifically concerning Respondent's purported failure to treat Connolly's head trauma and Respondent's failure to order the proper medical scans. A claim alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment is a challenge to the conditions of prison life and is therefore properly brought in a civil rights action. *See Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004); *see also Valencia v. Rushing*, N.D.Ohio No. 4:10CV1232, 2010 U.S. Dist. LEXIS 80770, *2 (Aug. 4, 2010)(citing *Evans v. Eichenlaub*, 2008 U.S. Dist. LEXIS 87380, 2008 WL 4771934, * 1 (E.D. Mich., Oct. 29, 2008)).

Accordingly, Petitioner's claim as it relates to Respondent's alleged failure to properly treat his medical condition must be dismissed without prejudice. *See Smith v. United States*, N.D.Ohio No. 4:19CV2162, 2020 U.S.. Dist. LEXIS 10237, *2 (Jan. 22, 2020) (stating the district

court cannot convert a habeas petition into a civil rights action to address petitioner's deliberate indifference to safety claim, and therefore, dismissing claim without prejudice).

### B. COVID-19 Conditions

Connolly also asserts in his Petition that he is "concern[ed]" with the prison's handling of the COVID-19 outbreak in the prison and its consequent inability to provide proper medical care for his injuries. *See* ECF No. 1 at PageID # 16. To the extent this allegation can be construed as a claim of deliberate indifference concerning the conditions of the prison due to COVID-19, Connolly's claim must also be dismissed.

Recently, the Sixth Circuit distinguished claims concerning COVID-19 from other conditions of confinement claims brought under § 2241. In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit ruled that a sub-class of medically vulnerable federal inmates with recognized risk factors for COVID-19 could bring a habeas action under § 2241 to challenge the conditions of their confinement in Elkton FCI. *Id.* at 838. After acknowledging that confinement cases seeking relief in the form of improved conditions or transfer to another facility are not properly brought under § 2241, the court held that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of confinement." *Id.* (citations omitted). Because the medically vulnerable inmates at Elkton alleged that "no mitigation efforts" by the Bureau of Prisons ("BOP") or Elkton officials would be sufficient to protect them from the risk of serious illness or death from COVID-19, the Sixth Circuit held that § 2241 was the proper vehicle to redress the constitutional violations they alleged in their complaint. *Id.* (underscoring the fact that, "[p]etitioners here...contend that the constitutional violations occurring at Elkton [because] of the pandemic can be remedied only by release").

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson*, 961 F.3d 829, 839 (6th Cir. 2020). He must show that he was subjected to an objectively serious prison condition as to which a Defendant prison official acted with subjective "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

Here, Connolly fails to state a sufficient claim of deliberate indifference concerning the COVID-19 conditions at Elkton. The entirety of his claim as it relates to COVID-19 alleges that Connolly is "concern[ed]" that prison officials will not be able to respond to a "deadly virus that is ravaging the prison" when they cannot properly respond to his medical needs relating to his alleged head trauma, and "[g]iven Elkton's initial handling of the first wave [presumably of COVID-19], coupled with [the prison's] handling of Petitioner's injuries," Connolly "has little faith that the BOP will adequately respond to" his medical needs. ECF No. 1 at PageID # 16. These statements do not allege that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Connolly, rather, merely expresses doubt in Elkton prison officials' ability to handle the virus.

Regardless of the sufficiency of Connolly's specific claims, in *Wilson*, the Sixth Circuit examined the conditions at Elkton and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19

circumstances. 961 F.3d at 844. The Sixth Circuit held that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840. The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" for prisoners at Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844. The Court also found that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. *Id.* at 845.

In light of the Sixth Circuit's decision in *Wilson*, this Petition, which arguably includes similar allegations, lacks merit on its face. Because the Sixth Circuit has already considered an essential part of Connolly's claim in a case against the same Respondent named here—based on the same facts alleged in this Petition—and published an opinion holding that Respondent would likely prevail, this Petition does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

Connolly's Petition as it relates to the conditions of the prison due to COVID-19 is therefore dismissed.

### IV. Conclusion

Accordingly, the Petition in this matter is dismissed in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to

Connolly's re-filing a proper civil rights action on his claim of deliberate indifference to a serious medical condition. Additionally, this dismissal of Connolly's purported claim concerning the COVID-19 conditions at Elkton is without prejudice to his re-filing in the event of a final judgment in *Wilson*, or other binding authority in this Circuit, that suggests a colorable claim.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date: March 17, 2021

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE